IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## MICHAEL P. HEALY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26147      Arthur T. Bennett, Judge**

_____

**No. W2002-01962-CCA-R3-PC  - Filed February 5, 2004**

_____

The petitioner appeals the trial court's finding that the petitioner received effective assistance of counsel both before and during trial.  We affirm the denial of the post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Juni Ganguli, Memphis, Tennessee, for the appellant, Michael P. Healy.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee Coffee, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael P. Healy, was convicted of the indicted charges of aggravated robbery and aggravated assault.  Sentences of thirty years for aggravated robbery and fifteen years for aggravated assault, to be served consecutively, were imposed.  The convictions were affirmed on direct appeal to this Court. See State v. Michael P. Healy, No. W1999-01510-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 471 (Tenn. Crim. App. at Jackson, June 26, 2001).

The petitioner filed a *pro se* petition for post-conviction relief on February 8, 2002.  Counsel was appointed, and an amended petition was filed.  An extensive evidentiary hearing was held on July 10, 2002, and the petition was denied.

The petitioner's claims were overlapping in some instances, but the alleged deficiencies of counsel can be categorized as:
(1) failure to properly conduct a pre-trial investigation that could develop possible defense theories;

(2) failure to file timely pre-trial motions, including notice of an alibi defense;

(3) ineffective representation at trial in cross-examination and the failure to object to certain testimony.

The facts supporting the petitioner's conviction were summarized in State v. Healy. The petitioner, wearing a platinum blonde wig, sunglasses, and facial covering, entered a store owned by Sherrie and Benny Colville. The petitioner pointed a gun at Mrs. Colville and demanded she open the cash register. Instead, she called for her husband, who observed the petitioner from behind a two-way mirror. The petitioner took Mrs. Colville's purse. As the petitioner turned to leave, he saw Mr. Colville crouching in the back of the store and pointed the gun at Mr. Colville. The petitioner fled, pursued by Mr. Colville, who saw the petitioner remove his disguise enabling Mr. Colville to see the petitioner's face. A witness saw the petitioner fleeing the store and obtained the license plate number on the vehicle in which the petitioner escaped. The petitioner was later apprehended, and the Colvilles independently identified the petitioner in a six-person photographic lineup as the perpetrator.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish

unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner was initially represented by Michael Johnson of the Shelby County Public Defender's Office from December 3, 1998, until April 27, 1999. The petitioner complained that his counsel was inaccessible, did not spend adequate time with him, failed to initiate a proper investigation, and did not file a requested speedy-trial motion.

On April 27, 1999, Gregory Carman was substituted as counsel for the petitioner. The petitioner claimed that Mr. Carman failed to move to suppress the disguise items, failed to properly investigate witnesses or the possible presence of surveillance cameras, and failed to object to prejudicial statements in the prosecution's closing argument. The petitioner also alleged that, to his detriment, Mr. Carman changed defense strategy during trial.

Mr. Johnson testified that during his representation of the petitioner, he obtained full discovery from the State and shared its contents with the petitioner. He also initiated an investigation through his office. He stated the petitioner did not wish to consider acceptance of the plea bargain offer. Mr. Johnson stated he did not file the speedy trial motion as, in his opinion, it would have been futile. As it was, the petitioner's arraignment was December 3, 1998, and the trial occurred on March 4, 1999. Mr. Johnson stated that he had himself removed as counsel due to a personal conflict with the petitioner.

Gregory Carman succeeded Mr. Johnson as counsel. His time logs reflected that he had spent a total of 55½ hours on the case, which included 7½ hours of conferences with the petitioner and 15¾ hours in court. The remainder of time was devoted to investigation, research, review of evidence, and general preparation. Mr. Carman not only visited the crime scene but initiated two other investigations with his staff. Witnesses were interviewed, and the possibility of an alibi defense was explored. This defense was discarded when the only suggested witness, Jeri Wilmouth, the petitioner's girlfriend, could not provide a location or time that would support an alibi defense. Mr. Carman said that his strategy, which was discussed with and approved by the petitioner, was to attempt to prove a lesser offense than charged. Consequently, identity was not contested, although the petitioner attempted to resurrect the issue during trial. All pre-trial motions were filed according to Mr. Carman's testimony.

The post-conviction judge issued a written finding and concluded that the petitioner's bare allegations of ineffective counsel were unsupported by evidence adduced at the hearing. The post-conviction judge accredited the testimony of the petitioner's trial counsel in the denial of the petition. These findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Having concluded that the evidence does not preponderate against those findings, we are bound by them. Henley, 960 S.W.2d at 578.

Having concluded that the petitioner failed to prove deficiency of counsel, we therefore affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE